IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>ONE SAMSUNG GALAXY NOTE 10 + CELLPHONE,<br><br>DEFENDANT. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Cynthia B. Smith, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action against an electronic device seized pursuant to the execution of a federal search warrant at 1041 Henry Terrace, Lawrenceville, Georgia 30046, a place within the jurisdiction and venue of this Court.

1

2. The defendant property consists of one Samsung Galaxy Note 10+ cellphone with serial number R38M8033DPZ ("the Defendant Electronic Device.")

3. The Defendant Electronic Device was seized during the course of a child pornography investigation by law enforcement, including the Department of Homeland Security, Homeland Security Investigations.

4. The Defendant Electronic Device was seized on or about January 5, 2022.

5. The Defendant Electronic Device is presently in the custody of the United States Customs and Border Protection.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

7. This Court has in rem jurisdiction over the Defendant Electronic Device pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

### Relevant Statutes

9. The Defendant Electronic Device is subject to forfeiture pursuant to 18 U.S.C. § 2254 on the grounds that it is property which was used or intended to be used to commit or to promote the commission of an offense involving the visual depiction of child pornography in violation of 18 U.S.C. §§ 2252 and/or 2252A.

### Factual Background

10. On or about September 3, 2020, during the course of an undercover investigation, law enforcement officers received data regarding an individual who was later identified as Jeffery Farneski.

11. Law enforcement officers learned that between about July 12, 2020 and July 13, 2020, Farneski had sent electronic videos in which a pre-pubescent girl engaged in oral sex with an adult male.

### Farneski's Criminal History

12. Farneski is a registered sex offender.

13. Law enforcement determined that Farneski resided in Lawrenceville, Georgia.

14. On or about November 30, 2021, law enforcement learned that Farneski

was on probation for child pornography offenses.

15. Farneski's criminal history includes a February 2018 charge for multiple child pornography offenses, including possessing or controlling materials depicting a minor engaged in sexually explicit conduct.

16. In December 2019, Farneski was convicted of possessing child pornography and possession of an illegal narcotic with the intent to distribute.

17. For the December 2019 conviction, Farneski was sentenced to, among other things, probation for ten years.

Search of Farneski's Residence, Seizure of Defendant Electronic Device, and Farneski's Arrest

18. On or about January 5, 2022, law enforcement agents executed a search warrant at Farneski's residence at 1041 Henry Terrace in Lawrenceville.

19. The search warrant had been issued by a Magistrate Judge for the Northern District of Georgia.

20. Farneski and Larry Eng were present during the search.

21. During the search, law enforcement discovered a variety of electronics, including the Defendant Electronic Device.

22. The law enforcement officers determined that the Defendant Electronic

22. (cont.) Device contained visual depictions of minors engaging in sexually explicit conduct as defined by 18 U. S. C. § 2256.

23. On or about January 13, 2022, shortly after the seizure of the Defendant Electronic Device, Farneski was arrested by the Gwinnett County Sheriff's Office for possession of child pornography and for violating his probation.

24. Farneski is presently being held in the Gwinnett County Jail on those charges.

25. Law enforcement initiated administrative proceedings against the Defendant Electronic Device, on or about February 23, 2022.

26. Farneski filed a claim asserting an ownership interest in the Defendant Electronic Device.

## CONCLUSION

27. Based on the foregoing, the Defendant Electronic Device is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2254 on the grounds that it is property used or intended to be used to commit or to promote the commission of an offense involving the visual depiction of child pornography in violation of 18 U.S.C. §§ 2252 and/or 2252A.

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Electronic Devices to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 3rd day of June 2022.

        Respectfully submitted,

        Ryan K. Buchanan
        *United States Attorney*

        /s/ Cynthia B. Smith
        Cynthia B. Smith
        *Assistant United States Attorney*
        Georgia Bar No. 655473
        75 Ted Turner Dr., S.W.
        Atlanta, Georgia 30303
        404-581-6000
        Cynthia.smith2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF,

    v.

ONE SAMSUNG GALAXY NOTE 10 CELLPHONE,

    DEFENDANT.

Civil Action No.

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, Wendi Stewart, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 3rd day of June 2022.

*Wendi Stewart*
_____
SPECIAL AGENT WENDI STEWART
HOMELAND SECURITY INVESTIGATIONS